UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EARL WATSON,<br><br>Plaintiff,<br><br>v.<br><br>RALPH DIAZ,<br><br>Defendant. | Case No. 20-cv-06318-SI<br><br>**ORDER ON INITIAL REVIEW**<br>Re: Dkt. No. 1 |

This *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed on behalf of Kenneth Earl Watson, an inmate at the California State Prison – Sacramento. The petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

The petition provides the following information: Watson was convicted in San Mateo County Superior Court of first degree murder with sentence enhancements and was sentenced in January 2009 to life in prison without the possibility of parole. He appealed. The California Court of Appeal affirmed the judgment of conviction in July 2010. Watson apparently did not file a petition for review until 2019, at which time it was rejected as untimely. Watson also apparently filed state habeas petitions in 2019 and later.

Watson's federal petition was filed on September 4, 2020. The petition was signed and filed on his behalf by his wife. *See* Docket No. 1 at 16. The prisoner mailbox rule – which deems a document filed by a prisoner when the prisoner gives it to prison officials to mail to the court – does not apply because the petition was not mailed from prison by Watson.

## DISCUSSION

A. <u>The Petition May Be Untimely</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after petitioner's conviction became final, and may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

B. <u>The Petition Must Be Signed By Petitioner</u>

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. A person other than the detained person may file an application for a writ of habeas corpus and establish standing as a "next friend." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). A next friend does not herself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* There are two firmly rooted prerequisites to "next friend" standing:

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetency, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Id.* at 163-64 (internal citations omitted).

The petition was signed by Watson's wife rather than by Watson. Watson's wife (whose first name is illegible) has not demonstrated that she should be allowed to bring this action as a "next friend" to petitioner. She does not show that Watson is incapable of prosecuting this action himself and instead states only that she signed and filed on his behalf due to pandemic-related visiting restrictions and unspecified concerns regarding the mail at the prison. Her statements suggest she signed the petition on his behalf more as a convenience rather than as a necessity. She does not show that Watson "cannot appear on his own behalf to prosecute the action." *Id.* at 163. Because it is Watson's liberty that is at stake and because there are rules that generally prohibit petitioners from filing multiple habeas actions to challenge a conviction, *see* 28 U.S.C. § 2244(b), the court requires the petition to be signed by Watson himself to be sure that he is aware of its contents as it likely will be his one and only chance for federal habeas relief. Watson must sign and return a copy of the petition in order to proceed.

**CONCLUSION**

Good cause appearing therefor,

1. The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk shall serve by mail a copy of this order on petitioner.

2. Respondent must file and serve upon petitioner, on or before **February 5, 2021**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent on or before **March 12, 2021.**

4. Respondent may file and serve a reply on or before **April 1, 2021**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

6. The clerk will mail to petitioner a copy of the petition at Docket No. 1. No later than **December 14, 2020**, petitioner must sign the signature page and return the petition to the court if he wishes to go forward with this action. Failure to sign and return the petition will indicate that petitioner does not wish to go forward with this action and will result in dismissal.

**IT IS SO ORDERED**.

Dated: November 21, 2020

SUSAN ILLSTON
United States District Judge

4