UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH EARL WATSON,

    Petitioner,

v.

RALPH DIAZ,

    Respondent.

Case No. 20-cv-06318-SI

**ORDER OF DISMISSAL**

Re: Dkt. No. 8

Kenneth Watson filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the habeas petition as untimely. For the reasons discussed below, the court dismisses the action because it is barred by the statute of limitations.

**BACKGROUND**

Kenneth Watson was convicted in San Mateo County Superior Court of first-degree murder and several sentence enhancement allegations were found true. On January 9, 2009, he was sentenced to life in prison without the possibility of parole. Docket No. 1 at 1.

Watson appealed. On July 27, 2010, the California Court of Appeal affirmed the judgment of conviction. *Id.* at 3. Watson did not file a petition for review at that time.

About nine years later, on September 6, 2019, Watson tried to file a petition for review in the California Supreme Court. That court returned the petition for review unfiled, with an explanation that the court had no jurisdiction because the petition was filed years after the deadline to petition for review. *Id.* at 38.

Also on September 6, 2019, Watson filed a petition for writ of habeas corpus in the California Supreme Court. His petition for writ of habeas corpus was denied with a citation to *In re*

1  *Robbins*, 18 Cal. 4th 770, 780 (Cal. S. Ct. 1993), which reflects that the petition was denied as
2  untimely.  Docket No. 1 at 37.
3        Watson's federal petition was filed on September 4, 2020.  The petition was signed and filed
4  on Watson's behalf by his wife.  *Id.* at 16.  The prisoner mailbox rule – which deems a document
5  filed by a prisoner when the prisoner gives it to prison officials to mail to the court, *see Stillman v.*
6  *Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) – does not apply because the petition was not mailed
7  from prison to the court by Watson.   The court thus uses the actual filing date of September 4, 2020
8  to evaluate the timeliness of the petition.

## DISCUSSION

11        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute
12  of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by
13  prisoners challenging noncapital state convictions or sentences must be filed within one year of the
14  latest of the date on which:  (A) the judgment became final after the conclusion of direct review or
15  the time has passed for seeking direct review; (B) an impediment to filing an application created by
16  unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the
17  constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized
18  by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate
19  of the claim could have been discovered through the exercise of due diligence.  28 U.S.C.
20  § 2244(d)(1).
21        Here, the limitations period began on the ordinary date, when the judgment became final
22  upon "the conclusion of direct review."  28 U.S.C. § 2244(d)(1)(A).  Where a petitioner could have
23  sought review in the state supreme court, but did not, the limitations period begins on the day after
24  the date on which the time to seek such review expired.  *Gonzalez v. Thaler*, 565 U.S. 134, 150
25  (2012).  The deadline for filing a petition for review in the California Supreme Court was 40 days
26  after the California Court of Appeal's decision was issued.  *See* Cal. Rules of Court 8.366(b),
27  8.500(e).  Watson's deadline to file a petition for review in the California Supreme Court following
28  the California Court of Appeal's July 27, 2010 affirmance of the judgment of conviction was

2

1    September 7, 2010, the first business day after the 40th day. *See Waldrip v. Hall*, 548 F.3d 729, 735

2    (9th Cir. 2008) (when no petition for review is filed in California Supreme Court, criminal judgment

3    is final 40 days after California Court of Appeal affirms the conviction). His one-year federal habeas

4    limitations period started the next day. Thus, the presumptive deadline for Watson to file his federal

5    habeas petition was September 7, 2011, one year from the date his conviction became final.

6    The one-year limitations period will be tolled for the "time during which a properly filed

7    application for State post-conviction or other collateral review with respect to the pertinent judgment

8    or claim is pending." 28 U.S.C. § 2244(d)(2). Watson is not entitled to any statutory tolling under

9    this provision because he did not file any state habeas petition or other petition for collateral review

10   within the limitations period. The petition for writ of habeas corpus he filed in September 2019 did

11   not revive the expired limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.

12   2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended

13   before the state petition was filed," even if the state petition was timely filed).

14   The one-year limitations period can be equitably tolled because § 2244(d) is not

15   jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling

16   bears the burden of establishing: "'(1) that he has been pursuing his rights diligently, and (2) that

17   some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting

18   *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

19   Although Watson did not file an opposition to the motion to dismiss, the court considers

20   whether Watson's assertions in his state and federal petitions show his entitlement to equitable

21   tolling due to appellate counsel's conduct. Watson states in his petition that his appellate attorney

22   "abandoned" the case following the decision of the California Court of Appeal in 2010, and that the

23   attorney did not file a petition for review or a petition for writ of habeas corpus, and did not give

24   him any information on how to proceed without her. Docket No. 1 at 14.

25   The very limited evidence in the record shows the following: First, attorney Carl was

26   retained to represent Watson on appeal. Second, there is no evidence that attorney Carl agreed to

27   do anything more than the direct appeal in the California Court of Appeal, as Watson does not

28   provide a copy of the retainer agreement or otherwise describe the scope of the engagement of

1    counsel. Third, there was some confusion in 2010-2011 as to whether the Innocence Project would
2    assist in, or take over, pursuing Watson's case. *See* Docket No. 8 at 98-99.[1]  Fourth, Watson
3    contacted the Innocence Project three times in 2010-2011 after the California Court of Appeal
4    affirmed his conviction. *See id.*  Fifth, in response to the last contact (on May 6, 2011), the
5    Innocence Project told Watson to contact his attorney with all his questions. Sixth, there is no
6    evidence that Watson thereafter did anything from mid-2011 until October 2018 to contact attorney
7    Carl or to pursue relief from his conviction. Seventh, Watson retained new attorneys in October
8    2018, who eventually submitted a petition for review and petition for writ of habeas corpus to the
9    California Supreme Court in September 2019, both of which were unsuccessful.[2]

   Mere negligence by an attorney does not amount to an extraordinary circumstance warranting equitable tolling of the limitations period. *See Holland*, 560 U.S. at 652 ("a 'garden variety claim' of attorney negligence" does not warrant equitable tolling of habeas statute of limitations period). This flows from the principle that a petitioner ordinarily is "bound by his attorney's negligence, because the attorney and the client have an agency relationship under which the principal is bound by the actions of the agent." *Towery v. Ryan*, 673 F.3d 933, 941 (9th Cir. 2012), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015) (en banc) (citing *Maples v. Thomas*, 565 U.S. 266 (2012) (using agency principles)). Thus, for example, an attorney's miscalculation of deadlines relating to the filing of a habeas petition is considered

---

[1] Attorney Carl reportedly stated that she "only did the Direct Appeal. After the Innocence Project took over. I did not file a Habeas or a Petition for Review as my services were terminated in lieu of the Innocence Project." Docket No. 8 at 98-99 (errors in source). Watson reportedly contacted the Innocence Project before August 2010 asking for help, and the Innocence Project reportedly wrote to attorney Carl on May 11, 2011, that the Innocence Project had offered some limited investigative assistance after receiving Watson's request. *Id.* at 99. Watson reportedly wrote to the Innocence Project again in March 2011 and on May 6, 2011. In response to the May 6, 2011 inquiry, the Innocence Project "told him that he should communicate all questions regarding his case" to attorney Carl, as she was his attorney. *Id.*

[2] In October 2018, Watson retained attorneys Azniv Ksachikyan and Theresa Gibbons to review the record "for purposes of determining the status of the case and the feasibility of pursuing a writ of habeas corpus or other post-conviction relief." Docket No. 8 at 98. In September 2019, eleven months after being retained, the new attorneys submitted a petition for writ of review and a petition for writ of habeas corpus to the California Supreme Court. (As mentioned earlier, the petition for review was rejected by the California Supreme Court because that court lost jurisdiction years some nine years earlier due to Watson's failure to file a petition for review by the deadline, and the petition for writ of habeas corpus was denied as untimely.)

negligence that is not an "extraordinary circumstance" warranting equitable tolling. *See Randle v. Crawford*, 604 F.3d 1047, 1057–58 (9th Cir. 2010) (trial counsel's failure to perfect a timely appeal, post-conviction counsel's incorrect advice as to filing deadline for federal petition and two-month delay in providing client files did not warrant equitable tolling). When, however, counsel's errors are greater than or different from a simple miscalculation of the deadline, extraordinary circumstances may be found.

Counsel's professional misconduct, including attorney abandonment, can "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." *Holland*, 560 U.S. at 651; *see id.* at 635-43 (attorney failed to file a timely application despite petitioner's repeated requests to do so, failed to inform petitioner about crucial facts related to the case, and stopped communicating with petitioner over a period of several years); *cf. Maples*, 565 U.S. 266 (attorney abandonment can be "cause" that will excuse procedural default); *id.* at 274-78, 289 (procedural default excused because petitioner's two lawyers left their big firm and took employment positions that disabled them from representing the petitioner, failed to tell the petitioner of that change of employment, failed to inform the court, and failed to get a new attorney for the petitioner—the combined effect of which was to leave the petitioner unaware that he had no attorney representing him).

Watson fails to show the existence of an "extraordinary circumstance" that warrants equitable tolling because he does not show that appellate counsel abandoned him or engaged in egregious professional misconduct. Alexandria Carl, the attorney who represented Watson on appeal, was retained, not appointed. *See* Docket No. 8 at 98-99 & n.1. Watson does not provide any evidence as to the agreed-upon scope of representation by attorney Carl. He does not demonstrate that she committed attorney abandonment or other professional misconduct. For example, if she only agreed to file the direct appeal, filing a petition for review or habeas petition was not within the scope of her engagement. Moreover, review by the California Supreme Court is discretionary rather than mandatory; there are criteria for when discretionary review is proper. *See* Cal. Rule of Court 8.500(b). Watson has not shown that his case was one where review should have been sought by appellate counsel, even if she had agreed to file a petition for review. Further,

attorney abandonment typically is not simply a missed deadline or an unfiled brief, but also usually entails an attorney failing to respond to his client's repeated inquiries or refusing to turn over client files – facts that are not present here. *Cf. Rudin v. Myles*, 781 F.3d 1043, 1056–59 (9th Cir. 2015) (attorney abandonment found where post-conviction appointed attorney showed up for hearings but eventually stopped communicating with his client and never filed the state post-conviction petition in the 500+ days before he was substituted out of the case); *Gibbs v. LeGrand*, 767 F.3d 879, 886–88 (9th Cir. 2014) (equitable tolling warranted where the attorney failed to inform the client that the state's highest court had denied the appeal of his state post-conviction petition, despite the client's repeated inquiries about the status of his case); *Doe v. Busby*, 661 F.3d 1001, 1012–15 (9th Cir. 2011) (extraordinary circumstances existed where the attorney who had been hired more than a year before the deadline failed to file a federal petition for four years although client repeatedly pleaded with him to file that petition, threatened to quit if client did not drop State Bar complaint, then quit without having filed a petition and took months to return client files). Watson does not state, for example, that attorney Carl did not inform him of the July 27, 2010 decision of the California Court of Appeal, failed to keep a promise to file a petition for review or for writ of habeas corpus, failed to respond to inquiries about the status of his case, or failed to turn over requested files. Moreover, if Watson thought he had been abandoned, one would expect him to at least ask attorney Carl about the progress of his case or the return of his files. Yet there is no evidence that he tried to do so, nor is there any evidence that attorney Carl falsely assured Watson that his appeal was ongoing after 2011. Watson thus fails to satisfy his burden to prove "that some extraordinary circumstance stood in his way and prevented timely filing" of the federal petition. *Holland*, 560 U.S. at 649.

Watson also fails to carry his burden to show that he was "pursuing his rights diligently," as is required for equitable tolling. *Holland*, 560 U.S. at 649. A litigant must show "that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-599, 601 (9th Cir. 2020) (en banc). Watson sent a few letters in 2010 and 2011 to the Innocence Project inquiring whether that organization was going to work on his case; the Innocence Project never agreed to take the case and, no later than

1   May 2011, the Innocence Project told him to contact his attorney. There is nothing in the record to
2   indicate that Watson did anything to pursue his rights in the ensuing years. His inaction lasted for
3   several years, not merely a matter of weeks or months, as Watson does not identify even a single
4   step he took to pursue collateral relief after mid-2011 until late 2018. Watson also fails to identify
5   even a single step he took during that time period to contact attorney Carl, to complain about attorney
6   Carl's performance, or to try to present the claims to any state or federal court until he retained a
7   new attorney in October 2018. Watson does not establish that he acted with the "reasonable
8   diligence," *Holland*, 560 U.S. at 653, required for equitable tolling.

9   Watson has not shown either that an extraordinary circumstance stood in the way of him
10  timely filing his federal petition or that he was diligently pursuing his rights, both of which are
11  necessary for equitable tolling. He therefore is not entitled to any equitable tolling of the limitations
12  period.

13  In summary, Watson failed to file his federal habeas petition before the statute of limitations
14  period expired. Watson is not entitled to any statutory tolling or equitable tolling. The petition in
15  this action was filed on September 4, 2020, almost nine years after the limitations period expired on
16  September 7, 2011. The petition must be dismissed because it is untimely.

17  A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in
18  which "jurists of reason would find it debatable whether the petition states a valid claim of the denial
19  of a constitutional right and that jurists of reason would find it debatable whether the district court
20  was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**CONCLUSION**

23  For the foregoing reasons, respondent's motion to dismiss the petition is GRANTED.
24  Docket No. 8. The petition is dismissed because it was not filed before the expiration of the habeas
25  statute of limitations period. The petition is dismissed for the separate and additional reason that

7

petitioner failed to submit a copy of the petition signed by the petitioner, as the court had ordered.

The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: March 30, 2021

_____
SUSAN ILLSTON
United States District Judge